## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05132-VBF (VBK) | Date | March 4, 2014 |
|---|---|---|---|
| Title | Deirdra Duncan v. SRT Partners LLC, et al. | | |

| Present: The Honorable | Victor B. Kenton, United States Magistrate Judge | |
|---|---|---|
| Roxanne Horan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**     **ORDER TO SHOW CAUSE WHY IMPROPERLY SERVED DEFENDANT SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)**

On June 20, 2011, Deirdra Duncan (hereinafter referred to as "Plaintiff"), filed a "Complaint for: (1) Violations of Article V and XIV of the U.S. Constitution; (2) Civil Conspiracy; (3) Violations of Federal Bankruptcy Rules 11 U.S.C. § 362(a); (4) Deprivation of Rights Title 42 Ch. 21 § 1983; (5) Violation of Civil Rights Title 42 U.S.C. § 1985[,] 42 U.S.C. § 1981[,] § 1981; and (6) Unfair Business Practices California Business and Professions Code 17200; Declaration of Deirdra Duncan" against Defendants SRT LLC, their attorneys Kimball Tirey and St. John LLP; Eli A. Gordon, as attorney for SRT Partners; Karl B. Schlecht, as attorney for SRT Partners; Richard Fell as an individual; Scott Kato as an individual; Brian Stone as an individual; Neil Thompson as an individual; Pasadena City Police Department, a government agency; Pasadena Sheriffs Department Civil Division, a government agency; and Does 1-10 inclusive. (Docket No. 1.)

On August 2, 2011, Plaintiff filed a "First Amended Complaint for (1) Violations of Article 5 and 14 of the U.S. Constitution; (2) Civil Conspiracy; (3) Violations of Federal Bankruptcy Rules 11 U.S.C. § 362(a); (4) Deprivation of rights Title 42[,] Ch. 21 § 1983; (5) Violation of Civil Rights Title 42 U.S.C. § 1985[,] 42 U.S.C. § 1981[,] Sec. 1981; (6) Unfair Business Practices California Business and Professions Code § 17200; (7) Defamation of Character; (8) Intentional Infliction of Emotional Distress; (9) Negligence; (10) False Arrest/False Imprisonment; and (11) Malicious Prosecution" ("FAC"). Plaintiff named as Defendants SRT Partners LLC; their attorneys Kimball, Tirey and St. John LLP; Eli A. Gordon; Karl P. Schlecht; Benjamin Logan; Richard Fell; Scott Kato; Coldwell Banker; Brian Stone; Neil Thompson; City of Pasadena Police Department; Alvarado; Crawford; Sevesind; Myles; Dahlstein; Jones; Griffin; Riley; Torres; Porter; the Los Angeles County Sheriff's Department, Civil Management Unit; Deputy Vazquez; Deputy Anderson; the City of Pasadena and Does 1 through 100.[1] (Docket No. 21.)

---

[1]     The FAC added several new Defendants including Coldwell Banker and a litany of individually named Pasadena Police Officers and Sheriff's Deputies. The FAC also included additional causes of action, which were not lodged against the Defendants in the original Complaint, namely defamation of character,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05132-VBF (VBK) | Date | March 4, 2014 |
|---|---|---|---|
| Title | Deirdra Duncan v. SRT Partners LLC, et al. | | |

On September 6, 2011, Plaintiff filed a Proof of Service upon Defendant Coldwell Banker. (See Docket No. 65.) Plaintiff stated that a copy of the Summons and Complaint had been personally served upon "Becky De George, Clerk, CSC," Coldwell's registered agent for service of process on August 19, 2011. According to the Proof of Service, Coldwell's Answer would have been due on September 9, 2011.

On September 22, 2011, Plaintiff filed a Notice advising the Court as follows:

> "Plaintiff confirmed from a registered process server that the Defendant COLDWELL BANKER was not served by their proper name of COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, [con]sequently, service was rejected through there [sic] registered process server, 'Corporation Service Company,' or 'CSC.' Plaintiff hereby gives notice to the Court and all defendants that they will be reserved with the right name." (Docket No. 78 at 2.)

The record reflects that Plaintiff has never submitted any subsequent document claiming that she effected valid service on Coldwell as properly named.

Federal Rule of Civil Procedure 4(m) provides in relevant part that if a "defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). The Rule also provides that it the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period,." (Id.) The 120-day period mandated by Rule 4(m) expired in this matter on December 2, 2011. As of the date of this Order, Plaintiff has not filed a Proof of Service evidencing that Defendant has been properly served.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** within ten (10) days of the date of this Order why her claims against Defendant Coldwell Banker should not be dismissed for Plaintiff's failure to effect service of her First Amended Complaint on it within 120 days of the filing of the First Amended Complaint. Plaintiff may satisfy this Order by filing a Proof of Service reflecting that Defendant Coldwell Banker has been properly served or a Declaration explaining under oath why Plaintiff is unable to do so.

Plaintiff is explicitly cautioned that a failure to respond to this Order by the Court's deadline will result in a recommendation that the claim against the improperly served Defendant Coldwell Banker be dismissed without prejudice pursuant to Rule 4(m). If Plaintiff no longer wishes to pursue her claim against Defendant Coldwell Banker, she may request a voluntary dismissal of this Defendant pursuant to Fed.R.Civ.P. 41(a).

The Clerk of the Court is directed to serve a copy of this Order on counsel for Plaintiff and upon counsel for the Defendants who have appeared.

**IT IS SO ORDERED**.

---

intentional infliction of emotional distress and negligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05132-VBF (VBK) | Date | March 4, 2014 |
|---|---|---|---|
| Title | Deirdra Duncan v. SRT Partners LLC, et al. | | |

|  | : |  |
|---|---|---|
| Initials of Preparer | RH | |