UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.    LA CV 11-05132-VBF-VBK          Dated:      April 21, 2014

Title:      *Deirdra Duncan v. Coldwell Banker (a public entity), Defendant*

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

N/A                                    N/A
Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR APPELLANT        ATTORNEYS PRESENT FOR APPELLEES

N/A                                    N/A

**PROCEEDINGS (IN CHAMBERS):**   Order   **(1)**   Adopting the Report and Recommendation;

**(2)**   Dismissing the Action Without Prejudice for Lack of Service, Lack of Prosecution, and Failure to Comply with Court Order

    This is a non-prisoner civil-rights action. All of the defendants have been previously dismissed except "Coldwell Banker (a public entity)." The United States Magistrate Judge has issued a well-reasoned Report and Recommendation ("R&R") recommending that the action be dismissed without prejudice for failure to prove valid service of process, lack of prosecution, and failure to follow court order. For the reasons that follow, the Court will adopt the R&R and dismiss the action without prejudice.

    Represented by counsel, Deirdra Duncan filed the first amended complaint ("FAC") herein (Doc 21) in August 2011. In March 2012, this Court issued an Opinion & Order (Doc 139) which dismissed the FAC with prejudice as to the five SRT Defendants and the four KTS Defendants and *without* prejudice (with leave to

MINUTES FORM 90                                    Initials of Deputy Clerk ___jmb___
CIVIL - GEN

amend) as to the Pasadena City Defendants (Doc 97). That Order gave plaintiff 21 days to file a second amended complaint, advising her that failing to do so could result in dismissal for lack of prosecution. The Magistrate issued an R&R (Doc 116) recommending that the complaint be dismissed as to the Pasadena City Defendants for lack of prosecution, and this Court issued an order (Doc 117) adopting the R&R in June 2012. Next, defendant LACSD filed a motion for summary judgment, which this Court granted by Opinion and Order issued on February 25, 2014 (Doc 139) (overruling plaintiff's objections, adopting the R&R, dismissing one federal claim against LACSD without prejudice to re-filing in Bankruptcy Court, granting summary judgment to LACSD on the merits of the other federal claims, and declining supplemental jurisdiction over state-law claims). The Court included a footnote which noted the following as to defendant Coldwell Banker:

> On September 6, 2011, plaintiff filed a proof of service (Doc 65) stating that a copy of the summons and complaint had been personally served upon "Becky DeGeorge, Clerk, CSC", Coldwell's registered agent for service of process, on August 19, 2011. According to the proof of service, Coldwell's answer would have been due on September 9, 2011. On September 22, 2011, plaintiff filed a notice advising the Court as follows:
>
>> plaintiff confirmed from a registered process server that the defendant COLDWELL BANKER was not served by their proper name of COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY, [con]sequently, service was rejected through there [sic] registered process server , "Corporation Service Company," or "CSC." Plaintiff hereby gives notice to the Court and all defendants that they will be reserved with the right name.
>
> Doc 78 at 2. So far as the record reflects, plaintiff has never submitted any subsequent document claiming that she effected valid service on Coldwell as properly named. The Court leaves the Magistrate in his discretion to address Coldwell's status in this case. *See Rector v. L.A. County Sheriff*, No. CV 13-03116 Doc. 63 at 4-5 (C.D. Cal. Feb. 11, 2014) ("[P]laintiffs bear the burden of demonstrating good cause for their failure to effect service within the 120 days permitted by Rule 4(m).") (citing, *inter alia*, *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)); *see, e.g., Flory v. US*, 79 F.3d 24, 25-26 (5th Cir. 1994) (affirming . . . 12(b)(5) dismissal for insufficient service where plaintiff "did not make any attempt to show good cause for her failure").

Doc 139 at 1 n.1. On March 4, 2014, the Magistrate issued an Order (Doc 141) directing plaintiff to show cause, within ten days, why Coldwell should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for lack of service. The order notified plaintiff that she could comply by filing a proof of service showing that Coldwell has been properly

served, or by filing a declaration under oath explaining why she was and remains unable to serve Coldwell. About a week after the deadline elapsed with no filing by plaintiff, the Magistrate issued the R&R recommending dismissal without prejudice. The time to object has passed, and plaintiff has neither filed objections nor sought an extension of time in which to do so.

ANALYSIS: LACK OF PROSECUTION AND FAILURE TO EFFECT VALID SERVICE

The Magistrate correctly states the applicable legal standard governing dismissal for lack of prosecution and/or for failure to comply with court orders, as set forth in *Eisen*, 31 F.3d at 1451, and *Ferdik*, 963 F.2d at 1260-61); *see also Henderson*, 779 F.2d at 1423. The Magistrate then applies the five-factor test and reasonably concludes that all five factors weigh in favor of dismissal without prejudice as a sanction.

**As to the first two *Ferdik* / *Carey* factors, the Magistrate is right that dismissal would advance the public interest in the expeditious resolution of litigation on its merits and the court's need to manage its docket**, because plaintiff's continuing failure to file an amended complaint "hinders the court's ability to move this case toward disposition" on the merits "and suggests that Plaintiff does not intend to litigate this action diligently." R&R at 6; *see also Pagtalunan v. Galazas*, 291 F.3d 639, 642 (9th Cir. 2002); *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999); *see, e.g.,* dismissing for lack of prosecution: *Gomez v. MacDonald*, No. ED CV 13-01367-VBF Doc. 20 at 7 (C.D. Cal. Mar. 31, 2014) (Fairbank, J.) ("The first and second *Carey* factors weigh in favor of dismissal, because petitioner's ongoing failure or refusal to provide a signed, verified petition by court-imposed deadlines thwarts the public's interest in expeditious resolution of litigation (the first factor) and impairs the court's ability to manage its docket (the second factor)."); *Bell v. Valenzuela*, 2012 WL 6642674, *2 (C.D. Cal. Dec. 5, 2012) ("Plaintiff failed to timely file his [FAC] despite requesting an extension to do so" and the Order granting the extension was returned to the Court as undeliverable because plaintiff had failed to apprise the court of an address change), *R&R adopted*, 2012 WL 6643160 (C.D. Cal. Dec. 19, 2012); *Jackson v. Cate*, 2012 WL 6964422, *2 (C.D. Cal. Nov. 14, 2012) ( "[a]s a result of Plaintiff's failure to file a Second Amended Complaint, this action has been and will continue to be stalemated."), *R&R adopted*, 2013 WL 372575 (C.D. Cal. Jan. 30, 2013); *Dawson v. Watanathia*, 2013 WL 1247641, *2 (C.D.

Cal. Feb. 26, 2013) (*Carey* factors 1 and 2 favored dismissal because due to "plaintiff's failure to return the service package, this action has been and will continue to be stalemated."), *R&R adopted*, 2013 WL 1248680 (C.D. Cal. Mar. 27, 2013). The fact that plaintiff is *pro se* does not entitle him to thwart these important public policies, as an "individual representing himself or herself . . . is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law." *Meeks Junior v. Wells Fargo Bank*, 2014 WL 295171, *1 (E.D. Cal. Jan. 27, 2014) (citing E.D. Cal. LCivR 183(a)).

**As to the third *Carey* factor, the Magistrate accurately notes** that a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of his action. *See* R&R at 4 (citing *Eisen*, 31 F.3d at 1452-53); *see also Eisen*, 31 F.3d at 1453-53 ("'[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'") (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) and citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651-52 (9th Cir. 1991)); *Moore*, 589 F.2d at 967-68. Likewise, where a party offers a poor excuse or no excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Plaintiff Duncan could rebut this presumption of prejudice by an affirmative showing of just cause for her delay in effecting valid service on Coldwell and for her failure to prosecute, *see Eisen*, 31 F.3d at 452-53, but she has not even attempted to do so.

**As to the fourth *Carey* factor, the Magistrate correctly reasons that** the public policy favoring resolution of cases on their merits does not weigh against dismissal here because plaintiff has shirked his responsibility to move the case towards such a merits disposition with reasonable dispatch. *See* R&R at 6-7 (citing *Morris*, 942 F.2d at 652). The Ninth Circuit "recognize[s] that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liab. Lit.*, 460 F.3d 1217, 1226 (9th Cir. 2006). "As such, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action." *Zamani v. Colvin*, 2013 WL 3744217, *2 (E.D. Cal. July 15, 2013) (citing *PPA*, 460 F.3d at 1226, and *Lopez v. Wash. Mut. Bank*, 2010 WL 2629039, *1 (E.D. Cal. June 25, 2010)).

**"Moreover, because the Court is dismissing without prejudice, the policy in favor of resolving cases on their merits is not thwarted by dismissal."** *Gomez*, No. ED CV 13-01367-VBF Doc. 20 at 8-9 (citing for comparison *Cardiff v. Tingy*, 2006 WL 1343441, *3 (N.D. Cal. May 17, 2006) ("The only factor which weighs against dismissal of this action under Rule 41(b) is that which favors the disposition of actions on their merits. *Because the Court chooses to dismiss this action without prejudice, however, the weight of this factor is mitigated.*")) (emphasis added). That is because a without-prejudice dismissal does not necessarily "forever deny" plaintiff Duncan her day in federal court. *See Devoto v. Corizon, Inc.*, 2014 WL 294326, *3 (E.D. Mo. Jan. 27, 2014) (explaining its decision to dismiss the complaint *with* prejudice for lack of prosecution, the court referred to "'the harsh consequences of forever denying a litigant his day in court'") (quoting *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998)).

**As for the fifth *Carey* factor, the Court finds that no available lesser sanctions would be effective rather than dismissal,** because the Court has warned plaintiff to effect service on Coldwell (or explain why she cannot do so or needs more time to do so) and she has failed to do so over a fairly prolonged period of time. *See, e.g., Dawson*, 2013 WL1247641 at *2 ("[U]nder the circumstances presented (i.e., plaintiff's . . . failure even to respond to the Order to Show Cause), it does not appear to the Court that there any less drastic sanctions available . . . ."); *Barajas v. San Bernardino Sheriff's Dep't*, 2009 WL 1605706, *2 (C.D. Cal. June 2, 2009) (Fairbank, J.) ("The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in its litigation. Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents."). Moreover, the R&R itself constituted another instance of notice to plaintiff that he must either show that she effected valid service on Coldwell or explain why she is unable to effect such service or needs more time to do so – and another opportunity for plaintiff to seek permission to do so belatedly. *See Davis v. Morris*, No. LA 13CV08807-VBF-CW Doc. 13 at 5 (C.D. Cal. Apr. 4, 2014) ("Moreover, the R&R itself constituted a *third* instance of notice to plaintiff that he must file a suitable amended complaint or risk dismissal without prejudice – and an opportunity to seek permission to do so belatedly. ") (citing *Poster v. Barnes*, 2013 WL 1898539, *2 (C.D. Cal. Mar. 29, 2013) ("[P]etitioner was cautioned about the possibility of

dismissal in the February 22, 2013 Order, and will be provided with additional notice through this [R&R]."), *R&R adopted*, 2013 WL 1898536 (C.D. Cal. May 6, 2013) (Collins, J.)).

**Finally as to the fifth *Ferdik / Carey* factor**, the Magistrate is right to conclude that "[p]laintiff has shown that she is either unwilling or unable to comply with court orders by filing responsive documents", R&R at 7. **The Court would further note that "it has considered imposing a monetary sanction rather than dismissal, but '[i]n view of plaintiff's ifp status, the Court has concluded that monetary sanctions are not feasible.'"** *Davis*, No. LA 13CV08807-VBF-CW Doc. 13 at 5 (quoting *Bell v. County of L.A.*, 2013 WL 3242935, *8 (C.D. Cal. June 26, 2013) (Olguin, J.)); *accord Gonzales v. City of Clovis*, 2013 WL 1314077, *2 (E.D. Cal. Apr. 1, 2013) ("[B]ecause Plaintiff is proceeding pro se and in forma pauperis, monetary sanctions are not a viable alternative."); *Klipper v. California Dept' of Corrs.*, 2012 WL 1033008, *2 (C.D. Cal. Mar. 1, 2012) ("Because Plaintiff is proceeding in forma pauperis, the Court cannot impose monetary sanctions to punish him for failing to comply with the local rules to convince him to do so."), *R&R adopted*, 2012 WL 1032912 (C.D. Cal. Mar. 26, 2012); *Hazeltine v. Tuolumne County Bd. of Supervisors*, 2011 WL 39029, *2 (E.D. Cal. Jan. 5, 2011) ("Alternatives, less drastic than dismissal, do not appear to be realistic. Because Plaintiff is proceeding [IFP], monetary sanctions are not a viable option."); *Dozier v. Astrue*, 2009 WL 4144749, *3 (E.D. Cal. Nov. 23, 2009); *Pizarro v. Astrue*, 2009 WL 1911741, *2 (E.D. Cal. July 2, 2009) (same); *cf. Cardiff v. Tingy*, 2006 WL 1343441, *2 (N.D. Cal. May 17, 2006) ("Monetary sanctions are unlikely to hold much sway because Plaintiff is a pro se litigant proceeding in forma pauperis . . . .").[1]

---

1

*Accord Pik v. Univ. of Pennsylvania*, 457 F. App'x 122, 123 (**3d Cir.** 2012) ("Monetary sanctions would not have been an effective alternative because Pik was proceeding in forma pauperis.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (**5th Cir.** 2013) ("We cannot say that lesser sanctions would better serve the interests of justice. * * * At one point, Thrasher was proceeding in forma pauperis, thus any monetary sanctions would have been fruitless."); *Jackson v. Murphy*, 468 F. App'x 616, 619 (**7th Cir.** 2012) ("[B]ecause Jackson proceeded in forma pauperis, a monetary sanction would have had no effect on him."); *Smith v. McCune*, 345 F. App'x 317, 320 (**10th Cir.** 2009) (quoting with approval the district court's statement that "lesser sanctions are not just lacking in efficacy. Monetary sanctions are meaningless to a plaintiff who has been allowed to proceed in forma pauperis . . . ."); *Wieszalski v. Colvin*, 2014 WL 1153737, *2 (M.D. Ala. Mar. 20, 2014) (dismissing for failure to prosecute and explaining why there

**As recommended by the R&R at 5, the dismissal will be without prejudice. The Court determines that with-prejudice dismissal at this stage would be too harsh despite this *pro se* plaintiff's dereliction.** *See Thurman v. Glendale Police Dep't*, 2013 WL 6844267, *2 (D. Ariz. Dec. 30, 2013) (Martone, J.) (concluding that although plaintiff had failed to serve the amended complaint on the defendants and failed to comply with the court's other orders, dismissal with prejudice would be too harsh); *Rich v. Wexford Health Sources, Inc.*, 2013 WL 4774723, *3 (D. Ariz. Sept. 4, 2013) (Aspey, M.J.) ("The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits '[u]nless the court in its order for dismissal otherwise specifies.' In the instant case, the Court concludes that a dismissal with prejudice would be unduly harsh.").

ORDER

The Report and Recommendation **[Doc # 142] is ADOPTED**.

This action is **DISMISSED without prejudice.**[2]

This is a final order, but it may or may not be appealable.[3]

---

were no available lesser sanctions: "[t]he Court declines to impose financial sanctions in light of the plaintiff's poverty, as evidenced by his petition to proceed in forma pauperis."); *McGee v. Pallito*, 2014 WL 360289, *12 (D. Vt. Feb. 3, 2014) ("[A] lesser sanction is difficult to identify. Given McGee's [IFP] status, it would be unjust to impose a monetary sanction.").

[2]

*See* C.D. Cal. Local Civil Rule ("LCivR") 41-2, Dismissal - Effect ("Unless the Court provides otherwise, any dismissal pursuant to L.R. 41-1 shall be without prejudice.");

LCivR 41-3, Reinstatement - Sanctions ("If any action dismissed pursuant to L.R. 41-1 is reinstated, the Court may impose such sanctions as it deems just and reasonable.");

LCivR 41-4, Refiling of Dismissed Action ("If any action dismissed pursuant to L.R. 41-1 is refiled as a new action, the party filing the later action shall comply with the requirements of L.R. 83-1.2.2.");

LCivR 83-1.3, Notice of Related Cases.

[3]

Published Ninth Circuit authority holds that a party who fails to file objections to an R&R in the district

As required by Fed. R. Civ. P. 58(a)(1), final judgment will be entered by separate document.

IT IS SO ORDERED.

---

court thereby forfeits his right to appeal the district judge's order adopting the R&R. In *McCall v. Andrus*, 628 F.2d 1185 (9th Cir. 1980), the Ninth Circuit held that it would not consider an issue on appeal where the appellant failed to raise that issue in his opening brief on appeal (waiting until his reply) *and* failed to file any objection with the District Judge to the Magistrate's analysis of the issue. "The panel's wording makes clear that the failure to object to the R&R was an independent basis for refusing to hear the appeal. In other words, the panel did *not* hold merely that a party waives its right to appeal when it *both* fails to object to an R&R *and* fails to raise an issue in its opening appellate brief; its holding was broader than that." *Rojas v. Holland*, No. ED CV 13-00292 Doc. 21 at 10-11 n.7 (C.D. Cal. Apr. 3, 2014). The *McCall* panel stated,

> McCall did not raise his contention that the ten-acre rule exceeded the Secretary's authority in his opening brief. We will ordinarily not consider issues raised for the first time in a reply brief. Further, *McCall did not object to the Magistrate's determination that the trial court find [that] the rule was neither discredited, unreasonable nor unsound in its concept. Such a failure to bring the issue before the trial court bars McCall from raising it here.*

*McCall*, 628 F.2d at 1187 (emphasis added).

"Numerous subsequent Ninth Circuit panel decisions have accorded interpretations to *McCall* which differ from this Court's interpretation and from each other. Some subsequent panels have simply refused to follow *McCall* even though it has never been modified or overruled by the circuit sitting en banc." *Cornish v. Brazleton*, No. ED CV 13-01302 Doc. ___ at 5 n.5 (C.D. Cal. Apr. 15, 2014). *See, e.g., US v. Willis*, 431 F.3d 709, 713 n.4 (9th Cir. 2005) ("waiver [of the right to appeal] is appropriate where a party's failure to object to a magistrate's conclusions of law was coupled with its failure to raise the objection until its reply brief [in the circuit court]."); *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) ("Failure to object to a magistrate judge's recommendation waives all objections *to the magistrate judge's findings of fact*" only, but does not necessarily waive the right to appeal the district court's adoption of the Report's legal determinations); *Martinez v. Ylst*, 951 F.2d 1153, 1156 n.4 (9th Cir. 1991) (internally citing *Greenhow v. HHS*, 863 F.2d 633, 635 (9th Cir. 1988)).

Because *McCall* is the earliest panel decision in question, it prevails over later panel decisions to the extent that they cannot be reconciled. *See Posey v. Harrington*, 2014 WL 1289604, *1 (C.D. Cal. Mar. 31, 2014) (Wu, J.) ("Of course, when a subsequent three-judge-panel opinion conflicts with the opinion of an earlier three-judge panel, it is the earlier decision that controls.") (citing *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011)). *Accord King v. Taylor*, 694 F.3d 650, 661 n.7 (6th Cir. 2012) (Richard Allen Griffin, J.) ("Insofar as some of our more recent cases might suggest otherwise, . . . they must yield to *Friedman*.") (citing *US v. Simpson*, 520 F.3d 531, 539 (6th Cir. 2008) (noting that the earlier of two conflicting panel holdings controls)), *cert. denied*, – U.S. –, 133 S. Ct. 1473 (2013). Thus, it would appear that under *McCall*, petitioner's failure to file objections to the R&R waived his right to appeal from this order adopting the R&R.